IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Janice Denese Lewis, | Civil Action No. 1:18-cv-2451-CMC |
|---|---|
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Andrew M. Saul, Commissioner of Social Security Administration, | |
| Defendant. | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed December 3, 2019, recommends that the decision of the Commissioner be reversed and remanded for administrative action pursuant to sentence four of § 405(g). ECF No. 24. On December 16, 2019, the Commissioner filed objections to the Report. ECF No. 26. On December 26, 2019, Plaintiff filed a response to the Commissioner's objections. ECF No. 27. For the reasons stated below, the court adopts the Report and reverses and remands the decision of the Commissioner for further administrative action, pursuant to sentence four of § 405(g).

## **<u>Standard</u>**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a do novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th

2

Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## Background

Plaintiff applied for DIB and SSI on October 27, 2014, alleging disability as of June 5, 2014 due to impairments of spine, including disc rupture and spinal stenosis, and obesity. Plaintiff's applications were denied initially and upon reconsideration. On August 11, 2017, after a hearing, Administrative Law Judge ("ALJ") Alice Jordan denied Plaintiff's claim. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action September 5, 2018. ECF No. 1.

## Discussion

The Magistrate Judge recommends that the court reverse the Commissioner's decision and remand for further administrative proceedings because the ALJ failed to sufficiently consider disability decisions from the South Carolina Retirement System and Standard Insurance Company, and thus failed to follow SSR 06-3p.[1]  ECF No. 24 at 32. The Report also recommended the court find the ALJ did not appropriately evaluate a treating physician's opinion (that of Dr. Nelson) in accordance with 20 C.F.R. §§ 404.1527(c) and 416.927(c).

---

[1] SSR 06-3p was rescinded on March 27, 2017. However, the rescission is only effective prospectively, and Plaintiff's claim was filed October 27, 2014. Therefore, the ALJ was required to comply with SSR 06-3p in this case.

The Commissioner objects to the Report, arguing the Magistrate Judge did not afford the ALJ the required deference under the substantial evidence standard of review. ECF No. 26. The Commissioner argues references to other disability benefits were "meaningless and not worth the ALJ's time or attention." *Id.* at 2. Further, he argues Plaintiff failed to provide evidence showing the underlying basis for benefits from other sources, which is a "critical element in this case." *Id.* at 3. Finally, he argues remand is not necessary for further consideration of treating physicians' reports because their records support the RFC assessed by the ALJ. *Id.* at 5.

Plaintiff supports the Report, arguing the court cannot determine if the ALJ evaluated the other sources of disability benefits, and therefore remand is proper. ECF No. 27. Further, she argues the Commissioner failed to acknowledge several reasons cited by the Magistrate Judge to support remand based on her treating physicians' opinions. *Id.* at 2. She urges the court to adopt the Report and remand for further administrative proceedings.

1. *Other Sources of Disability Benefits*

The ALJ's decision makes no mention of Plaintiff receiving disability benefits from any other sources, including the South Carolina Retirement System or Standard Insurance Company. Plaintiff testified that she receives disability retirement benefits in response to a question by the ALJ; however, no questions were asked regarding the underlying basis for such benefits. Moreover, Plaintiff's Notice of Retirement Eligibility establishes she was approved for disability retirement. R. at 106.

The court agrees with the Magistrate Judge's determination regarding the evidence of other disability decisions. Despite references to Plaintiff's disability retirement in the hearing and in the

4

record, the ALJ failed to mention, much less evaluate, these benefits in her opinion. *See* SRR 06-3p (the ALJ must "evaluate all the evidence in the case record that may have a bearing on the determination or decision of disability, including decisions by other governmental and nongovernmental agencies."). Evidence of a disability decision "cannot be ignored and must be considered." *Id.*; *see also Bird v. Comm'r of Soc. Sec. Admin.*, 669 F.3d 337 (4th Cir. 2012) (holding "another agency's disability determination cannot be ignored and must be considered."). However, in this case, such evidence was ignored by the ALJ. Another court in this district has considered the exact situation in this case: the record contained a letter from the South Carolina Retirement Administrator explaining the plaintiff was entitled to a monthly disability benefit, and the ALJ failed to consider the letter or explain why. *Robinson v. Berryhill*, C/A No. 1:16-cv-3628, 2018 WL 746540, at *3-4 (D.S.C. Feb. 7, 2018). That case was remanded for further administrative proceedings, and this court agrees with the reasoning therein. Therefore, the court finds remand proper on this ground.

   2. *Treating Physicians' Opinions*

The court also agrees with the Report the ALJ failed to weigh Dr. Nelson's opinion with the relevant factors in 20 C.F.R. §§ 404.1527(c) and 416.927(c). Dr. Nelson's opinion regarding Plaintiff's limited ability to work finds some support in the records and findings of other treating physicians including Drs. Russell, Close, and Jarecky, as cited in the Report. These physicians' records include findings of pain, weakness, and hypersensitivity in Plaintiff's back and left leg, pain and clinical signs in her hip, and an inability to ambulate effectively, which are consistent

5

with Dr. Nelson's opinion regarding disability.  *See* R. at 525, 528, 579, 711, 718, 721, 733, 781, 888.  However, the ALJ does not provide any examination of consistency in her opinion.

Further, the ALJ did not appear to consider Dr. Nelson's specialty as a neurosurgeon, one uniquely qualified to offer an opinion on the effect of Plaintiff's spinal impairment on her functional abilities, as required in the regulations.  *See Johnson v. Barnh*art, 434 F.3d 650, 654 (4th Cir. 2005) ("Courts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.").

As the ALJ did not provide an evaluation of the consistency of Dr. Nelson's opinion with other doctors' treatment records and opinions, or discuss Dr. Nelson's specialty as a neurosurgeon and how that affected the analysis of his opinion, the court agrees with the Report's recommendation of remand.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and reverses and remands the decision of the Commissioner for further administrative action pursuant to sentence four of § 405(g). [2]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
January 6, 2020

---

[2] As the court has determined remand is required, it declines to consider Plaintiff's additional arguments for remand, including the evaluation of Plaintiff's statements regarding her efforts to obtain pain relief in light of SSR 16-3p's requirements. The ALJ should consider this argument on remand.